RUTLAND HOUSE ASSOCIATES, Appellant-Respondent, v. RUTROAD REALTY CORP. et al., Respondents-Appellants.

First Department, October 19, 1967.

*Sidney S. Rubin* for appellant-respondent.

*Robert A. Fineman* of counsel (*Joseph S. Hellman* with him on the brief; *Kronish, Lieb, Shainswit, Weiner & Hellman,* attorneys), for respondents-appellants.

*Per Curiam.* This is an action to recover on a mortgage note given by defendant Rutroad Realty Corp. (Rutroad) to Rutland House Associates (Rutland) and guaranteed by defendant Adson Industries, Inc. (Adson). The appeal of defendants and cross appeal of plaintiff are from an order entered March 3, 1967, denying defendants' motion to dismiss the complaint and plaintiff's motion for summary judgment.

Rutland was organized in connection with a real estate syndication which later proved to be unsuccessful. The syndication was promoted by Irving, Arthur and Samuel Adelson who were general partners, and who brought in some 64 persons as limited partners. When the income return of the purchased property allegedly failed to reach the hoped-for level, the Adelsons proposed that Rutroad, one of their corporations, purchase the property from the limited partnership. Title to the property was conveyed to Rutroad which gave to Rutland, as a part of the purchase price, a mortgage note dated June 10, 1964, in the sum of $260,000, payable in installments, and as collateral security gave a subordinate mortgage on the premises. The mortgage note provided the principal sum should become due and payable in the event of a default in the terms of the mortgage, with presentment for payment, etc., waived. The mortgage, among other things, provided that the principal sum should become due at the mortgagee's option in the event of a default in payment of principal or interest for 15 days. The mortgage note was guaranteed by Adson, which owned all of the stock of Rutroad. The Adelsons were principals of Adson. The mortgage was represented as a purchase-money second mortgage. In fact, however, there was a pre-existing second mortgage, which was later foreclosed.

The note and mortgage were dated June 10, 1964. By other documents similarly dated each of the general partners separately resigned from Rutland (effective upon closing of title) and designating Blythe Equities, Inc. (Blythe) in the instrument of resignation "as the successor general partner." Arthur Adelson, president of the defendants, and a signatory to the mortgage note and guarantee, also executed a bargain and sale

deed as general partner of Rutland in favor of Rutroad. At the actual closing of title, August 14, 1964, the mortgage, the note and resignations were delivered in exchange for the deed. Arthur Adelson as general partner then executed an assignment of the mortgage to Blythe, which was to be the collection agent of Rutland.

Subsequent to delivery of the mortgage and its recording two (2) payments were made on account of principal and interest and defendants thereafter defaulted. Upon foreclosure of the pre-existing second mortgage Rutland's mortgage was wiped out. In a suit brought on the note and guarantee defendants moved to dismiss, contending the designation of a successor general partner was ineffectual and the retirement of the general partners worked a dissolution of the limited partnership. Defendants' motion was denied as was plaintiff's motion for summary judgment. This appeal resulted.

On plaintiff's cross motion for summary judgment, in addition to the above, defendants purported to raise an issue as to the concealment of the pre-existing second mortgage. On this, the court denied plaintiff's motion.

The order appealed from should be modified to the extent of reversing and granting the motion of the plaintiff for summary judgment. The issue of fraud which has been injected is immaterial and is disregarded. All of the instruments executed June 10, 1964, must be read together and considered as part of a single transaction. Rutroad contracted with Rutland and Adson guaranteed the obligation of Rutroad to Rutland. Payments were made thereafter explicitly recognizing both the entity and the obligation. Defendants are now estopped from claiming there is no legally constituted limited partnership, and that Rutland lacks legal capacity to sue (see 21 N. Y. Jur., Estoppel, § 15 et seq.; also § 12 as to estoppel on a grantor or mortgagor).

The order appealed from should be modified, on the law and the facts, to the extent of granting plaintiff's cross motion for summary judgment and otherwise affirmed, with costs and disbursements to plaintiff-appellant.

STEVENS, J. P., EAGER, STEUER, RABIN and McNALLY, JJ., concur.

Order entered on March 3, 1967, so far as appealed from, unanimously modified, on the law and the facts, to the extent of granting plaintiff's motion for summary judgment, and, as so modified, affirmed with $50 costs and disbursements to plaintiff-appellant-respondent.